**In re David KEACH, Debtor.**

**Bankruptcy No. 98–10549.**

United States Bankruptcy Court,
D. Rhode Island.

March 16, 1999.

by paying the value of the collateral through an offer to compromise or otherwise.

[black redaction bars]

Peter Berman, Raskin & Berman, Providence, RI, for debtor.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 trustee.

James Kelleher, Revens, Lanni, Revens & St. Pierre, Warwick, RI, for creditor Claire Kuzniar.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 3, 1998, on confirmation of the Debtor's Amended Chapter 13 Plan, and on the objections of the Chapter 13 Trustee and Creditor Claire Kuzniar. On September 22, 1998, we entered a Decision and Order denying confirmation of Keach' s prior Chapter 13 plan, on the grounds that it was not proposed in good faith, and that the plan was not feasible. Today, put simply, nothing has changed vis-a-vis Keach's lack of good faith and, accordingly, confirmation is · DENIED, with prejudice.

The history of this most egregious Chapter 20 case is fully covered in our prior decision *In re Keach*, 225 B.R. 264, 266–67 (Bankr.D.R.I.1998), and need not be restated here, but the findings and conclusions are incorporated herein by reference. The only difference between the present plan and the earlier rejected one is that the dividend to unsecured creditors increases from 2% to 5%, thanks to a $10,000 loan [1] from a friend of Mr. Keach. Such an insignificant improvement in the dividend *in this case* is virtually no change at all, and does not come close to satisfying the good faith requirement of the Code.

For a Chapter 13 plan to be confirmed, Section 1325(a)(3) of the Bankruptcy Code requires that "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). In our prior decision we set forth the standard as follows:

As the Bankruptcy Code does not define good faith, determinations are made on a case-by-case basis, using the "totality of the circumstances" standard. *See Pioneer Bank v. Rasmussen (In re Rasmussen)*, 888 F.2d 703, 704 (10th Cir. 1989); *In re Cushman*, 217 B.R. 470, 475–76 (Bankr.E.D.Va.1998). Moreover, so-called "Chapter 20" cases are viewed with skepticism by many bankruptcy courts, including this one, and closer scrutiny is applied in determining whether the Chapter 13 segment of a "Chapter 20" case meets the heightened good faith requirement. *See Cushman*, 217 B.R. at 476; *In re Jahnke*, 146 B.R. 830, 833 (Bankr.E.D.Cal.1992) (applying higher level of judicial scrutiny when debtor acted fraudulently and filed successive bankruptcy cases).

*In re Keach*, 225 B.R. at 267. We also enumerated a list of non-exclusive factors in determining the existence of good faith in the Chapter 13 confirmation process. They included:

1. The proximity in time of the Chapter 13 filing to the Chapter 7 filing.

2. The percentage of proposed repayment.

3. The debtor's past bankruptcy filings.

4. The debtor's honesty in representing facts.

5. Any unusual or exceptional problems facing the debtor.

6. The nature and amount of unsecured claims.

7. Whether a major portion of the claims sought to be discharged arises out of pre-petition fraud or other wrongful conduct and the

---

**1.** This "loan" is conditional on confirmation of the plan as proposed.

debtor proposes only minimal repayment of those claims.

8. Whether, despite the most egregious pre-filing conduct, the plan represents a good faith effort to satisfy creditors' claims.

9. Whether the debtor has incurred some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a Chapter 13 plan.

10. Whether the two filings accomplish a result that is not permitted in either Chapter standing alone.

11. Whether the two filings are an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code.

In re Keach, 225 B.R. at 267–68. While most "good faith" cases are decided by using a few or some of the enumerated facts, astonishingly, the facts here fit within all eleven of this nonexclusive list of factors (except for #8, of course)—a situation not previously experienced by this Court.

Under his plan, Keach will pay his $35,000 priority tax debt, and the mortgage on his $250,000 house, but will pay virtually nothing to the defrauded creditor, Claire Kuzniar, whose claim exceeds $180,000. If shear persistence equated to good faith, Mr. Keach would have no problem, but he continues to be dishonest, evasive, and unable to support his position when confronted with inconsistencies (of which there are many in this case). He continues to be a cross-examiner's dream. When questioned about specific numbers in his budget, such as a vehicle expense of $7,018 per month, or changes in the amounts claimed for food and recreation, he defers to his accountant and his wife, and we do not have an adequate picture of what is fact and what is fiction when it comes to the Debtor's budget. In addition to its flawed mathematics, the present plan suffers from the same shortcomings as the prior plan described in our earlier decision at 225 B.R. at pages 268–269, and these findings are still applicable and are incorporated herein by reference.

Keach's argument that this Chapter 13 case is the product of a greedy creditor's aggressive behavior is totally at odds with the record in this case and its predecessor Chapter 7 case. On October 3, 1996, at a hearing on Kuzniar's motion to vacate Keach's notice of conversion in the prior Chapter 7 case, BK No. 95–12543, Keach made his intentions abundantly clear—he was going to deal with Kuzniar's nondischargeable debt in a Chapter 13 case. In argument, Keach's counsel promised unequivocally that if the Court vacated the notice of conversion in the Chapter 7 case, he would simply file a Chapter 13 case. So the present contention that this case is the result of "changed circumstances" is disingenuous, at best. Keach has never displayed any evidence of good faith or provided his major creditor with anything more than a minuscule payment under the guise of a Chapter 13 plan, and his repeated assertions that Kuzniar has no one to blame but herself for the current small dividend plan on the table are taken from thin air, and only highlight the blatant absence of good faith in this case. The fact that a new case and a "new" plan are filed does not create good faith, or overcome the bad faith that has pervaded these cases since their respective inceptions. Accordingly, for the foregoing reasons, confirmation is DENIED, WITH PREJUDICE.

Enter Judgment consistent with this opinion.